IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER DESMOND, | § | |
| | § | No. 45, 2014 |
| Defendant-Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below:  Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 91009844DI |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted:  June 6, 2014
Decided:   August 1, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

## **O R D E R**

This 1st day of August 2014, after careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Christopher Desmond, filed this appeal from the Superior Court's order, dated January 10, 2014, which denied several motions that Desmond filed in that court seeking to correct his sentence, to dismiss certain charges, and to have counsel appointed to pursue postconviction relief.  We find Desmond's appeal legally frivolous.  Accordingly, we affirm the Superior Court's judgment.

(2)    In November 1992, a Superior Court jury convicted Desmond of twenty-nine criminal charges, including ten counts of Robbery in the First

Degree and ten counts of Possession of a Deadly Weapon During the Commission of a Felony, as well as other related offenses. The charges arose from a series of armed robberies of five different Wilmington businesses. The Superior Court sentenced Desmond to more than seventy-eight years in prison. This Court affirmed Desmond's convictions and sentences on direct appeal.[1] Since that time, Desmond has filed numerous petitions seeking postconviction relief, habeas corpus relief, and modification of his sentence.[2] This Court recently affirmed the Superior Court's denial of Desmond's ninth motion for postconviction relief in August 2013.[3]

(3) On October 7, 2013, Desmond filed a motion in the Superior Court seeking correction of his sentence. He alleged that his lengthy prison sentence is illegal because it exceeds his life expectancy and thus is a de facto life sentence. Desmond asserted that his de facto life sentence is illegal because he was not convicted of a Class A felony (the only felony for which a life sentence is authorized), and he was not sentenced as a habitual offender under 11 *Del. C.* § 4214(b). Desmond further argued that his

---

[1] *Desmond v. State*, 654 A.2d 821 (Del. 1994).

[2] *See, e.g., State v. Desmond*, 2011 WL 91984 (Del. Super. Ct. Jan. 5, 2011) (detailing Desmond's history of postconviction applications up to and including his seventh motion under Superior Court Criminal Rule 61).

[3] *Desmond v. State*, 2013 WL 4475177 (Del. Aug. 20, 2013).

multiple sentences should have run concurrently and that his de facto life sentence was disproportionate in light of the General Assembly's recent adoption of Senate Bill No. 9,[4] which gives the Superior Court discretion to sentence a juvenile offender convicted of first degree murder to less than life imprisonment.

(4)    On October 14, 2013, Desmond filed another motion in the Superior Court seeking to amend a motion to dismiss that Desmond claimed had been pending in the Superior Court since 1992.  The substance of Desmond's motion to amend was that eight of the robbery charges against him in the indictment violated his constitutional rights and should have been dismissed under *State v. Bridgers*[5] and *State v. Owens*.[6]  Desmond argued that because the Superior Court had never ruled on his motion, he has been prevented by Supreme Court Rule 8 from ever arguing his claim to this Court.  He further asserted that the Superior Court should apply the relation back doctrine to his motion to amend and rule on the substance of his motion to dismiss.  Desmond also argued that Rule 61 should not be applied to

---

[4] S.B. 9, 147th Gen. Assem., 1st Sess. (Del. 2013).

[5] *State v. Bridgers*, 988 A.2d 939 (Del. Super. Ct. 2007), *aff'd*, *State v. Bridgers*, 2009 WL 824536 (Del. Mar. 30, 2009).

[6] *State v. Owens*, 2010 WL 2892701 (Del. Super. Ct. July 16, 2010).

procedurally bar his claim because his unresolved 1992 motion to dismiss had been filed before he was convicted.

(5) Desmond also filed a third motion in the Superior Court on October 14, 2013. That motion requested the appointment of counsel to help Desmond pursue his unresolved 1992 motion to dismiss. On January 14, 2014, the Superior Court denied Desmond's motion for appointment of counsel and also held that the claims in his other motions were procedurally barred. This appeal followed.

(6) After careful consideration of the parties' briefs on appeal, we find it manifest that Superior Court's judgment denying Desmond's multiple motions below must be affirmed. As to Desmond's "motion to amend" his 1992 motion to dismiss, we find no error in the Superior Court's decision to treat the motion as Desmond's tenth petition for postconviction relief and in denying his request for counsel. As the Superior Court previously has noted, Desmond has a habit of reasserting previously adjudicated claims by "couching the claims in slightly different language in an attempt to preserve the appearance that the claim…is not procedurally barred by Rule 61(i)."[7] Neither the Superior Court nor this Court is obligated to reconsider a previously rejected claim simply because the issue has been refined or

---

[7] *State v. Desmond*, 2011 WL 91984, *3 (Del. Super. Ct. Jan. 5, 2011), *aff'd*, *Desmond v. State*, 2011 WL 4553174 (Del. Oct. 3, 2011).

restated.[8]  Desmond's contention that eight of his robbery convictions are illegal has been raised and rejected before.[9]  The interests of justice do not require us to reconsider this previously adjudicated claim.[10]

(7)     Furthermore, Desmond's motion for correction of illegal sentence is frivolous.  His claim that the Superior Court illegally sentenced him to life imprisonment ignores the fact that his crime spree resulted in his conviction for twenty-nine separate criminal offenses and that each of those twenty-nine convictions and corresponding sentences has been deemed legal.[11]  Under Delaware law, those sentences of imprisonment may not run concurrently.[12]  That Desmond's multiple convictions and sentences will effectively keep him behind bars for the remainder of his life does not mean that the Superior Court illegally imposed a sentence of life imprisonment. Furthermore, the General Assembly's adoption of 11 *Del. C.* § 4209A,

---

[8] *Riley v. State*, 585 A.2d 719, 721 (Del. 1990).

[9] *See State v. Desmond*, 2011 WL 91984 at *5.

[10] *See Desmond v. Phelps*, 2012 WL 3518531, *2 (D. Del. Aug. 15, 2012) (holding that Desmond failed to demonstrate a right to have his first degree robbery convictions reconsidered because there was nothing to indicate that "*Owens* and *Bridgers* re-defined or re-interpreted the elements of a first degree robbery offense and made such re-interpretation retroactively applicable to cases on collateral review").

[11] *See Desmond v. State*, 654 A.2d 821, 828 (Del. 1994) (upholding Desmond's convictions and sentences on direct appeal); *Desmond v. State*, 2006 WL 797996 (Del. Mar. 27, 2006) (affirming the Superior Court's conclusion that Desmond's robbery sentences were legal because they "fell within the then-existing statutory range of sentences for class B felonies").

[12] DEL. CODE ANN. tit. 11, § 3901(d) (2007).

5

which permits the Superior Court to sentence a juvenile offender convicted of first degree murder to a sentence ranging from twenty-five years incarceration to life imprisonment, has no arguable bearing on Desmond's case. Desmond was tried, convicted, and sentenced as an adult for twenty-nine criminal charges. His claim that his sentences are constitutionally disproportionate compared to a juvenile offender convicted of first degree murder is frivolous.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice